# FEERICK NUGENT MacCARTNEY PLLC
## ATTORNEYS AT LAW

DONALD J. FEERICK, JR.
BRIAN D. NUGENT*
J. DAVID MacCARTNEY, JR.
MARY E. MARZOLLA*

OF COUNSEL
DONALD J. ROSS
DAVID J. RESNICK
KEVIN F. HOBBS
MICHAEL K. STANTON, JR.

ROCKLAND COUNTY OFFICE
96 SOUTH BROADWAY
SOUTH NYACK, NEW YORK 10960
TEL. 845-353-2000   FAX. 845-353-2789

ORANGE COUNTY OFFICE
6 DEPOT STREET, SUITE 202
WASHINGTONVILLE, NEW YORK 10992
*(Not for service of papers)*

www.fnmlawfirm.com

*All correspondence must be sent to Rockland County Office*

JENNIFER M. FEERICK
STEPHEN M. HONAN*+
ALAK SHAH*
PATRICK A. KNOWLES*
JOHN J. KOLESAR III
PATRICK J. McGORMAN

*LICENSED ALSO IN NEW JERSEY
+LICENSED ALSO IN CONNECTICUT

April 19, 2019

<u>Via ECF</u>
Honorable Kenneth M. Karas, U.S.D.J.
U.S District Court for the S.D.N.Y.
300 Quarropas Street
White Plains, NY  10601

   Re: <u>Orthodox Jewish Coalition of Chestnut Ridge, et al. v. Village of Chestnut Ridge</u>,
      7:19-cv-00443-KMK (S.D.N.Y.)

Dear Judge Karas:

  We represent the Village of Chestnut Ridge (the "Village"), the Defendant in the above-referenced action.  We respectfully request a pre-motion conference to address the Village's desire to file a motion to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).  The Complaint is filed at ECF Docket No. 1.

## BACKGROUND OF PLAINTIFFS' COMPLAINT

  Plaintiffs allege that the Village's Zoning Laws and Bulk Requirements (the "Challenged Obsolete Local Laws") violate the First and Fourteenth Amendments of the U.S. Constitution, multiple provisions of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and Article I, Section 3 of the N.Y. State Constitution.  Plaintiffs bring as applied and facial challenges.  Plaintiffs complain that, under the Challenged Obsolete Local Laws, "they have no location at which they can *legally* exercise their religion in the Village" because financial and marketplace constraints prevent them from complying with the Bulk Requirements' 5-acre minimum lot size. (Complaint at ¶¶ 19-22, 59, 68-69, 76-77, 83-84, 89-98) (emphasis added).  They seek a declaratory judgment that the Challenged Obsolete Local Laws are unconstitutional and illegal, and request compensatory damages, costs, disbursements, and an award of attorneys' fees.

## DISMISSAL IS WARRANTED UNDER RULES 12(B)(1) AND (6)

  The Challenged Obsolete Local Laws are no longer in effect in the Village because they were superseded in February 2019, when the Village Board voluntarily adopted Local Law #1 of 2019 (the "New Local Law"), which amended the Village's Zoning Code to include Residential

**FEERICK NUGENT MacCARTNEY, PLLC**

Honorable Kenneth M. Karas, U.S.D.J.
April 19, 2019
Page 2

Gathering Places, Neighborhood Houses of Worship, Community Places of Worship, and Minimum Off-Street Parking Requirements in the Village's RR-50, R-40, R-35, R-25, R-15, RSH, NS, PO, PO-R, and RS Zoning Districts.[1] The New Local Law resulted from a two-year process conducted pursuant to Article 7 of N.Y. Village Law and Article XVII of the Village's Zoning Law. That process recognized Plaintiffs' letter identifying the "growth of the population of Orthodox Jewish residents moving into the Village has created a need for a number of varied synagogues within Village neighborhoods."[2] In short, the New Local Law sets forth a three-tiered system that allows religious gatherings of various sizes in residential neighborhoods, inclusive of existing single family homes, under certain conditions. It also permits and extends religious gatherings of various sizes into non-residential districts under certain specified conditions.

Dismissal is warranted on several grounds. First, Plaintiffs' "as applied" challenge is not ripe for review because Plaintiffs never obtained a "final decision" "that inflicts an actual, concrete injury", as required by <u>Williamson Co. Regional Planning Comm. v. Hamilton Bank of Johnson City</u>, 473 U.S. 172 (1985) and its progeny. Rather than proceed under the available land use processes, some of which are delineated in the Complaint, Plaintiffs instead challenge an obsolete law without ever applying for, or receiving, a final decision when the laws were in effect.[3] Plaintiffs' approach stands in stark contrast to the goals and intent of the ripeness doctrine and judicial involvement, generally. RLUIPA was not intended to "relieve religious institutions from applying for variances, special permits or exceptions, where available without discrimination or unfair delay." <u>Murphy v. New Milford Zoning Comm'n</u>, 402 F.3d 342, 350 (2d Cir. 2005) (citation omitted); <u>Islamic Community Ctr. for Mid Westchester v. City of Yonkers Landmark Preserv. Bd.</u>, 742 F. App'x 521 (2d Cir. 2018); <u>BT Holdings, LLC v. Village of Chester</u>, 670 F.App'x 17, 19 (2d Cir. 2016) (proposed zoning law amendments do not constitute "a final decision regarding the application of the regulations *to the property at issue*").

Second, notwithstanding that the Village disputes any RLUIPA violation is present, RLUIPA's safe harbor provision requires dismissal of Plaintiffs' claims. As does the mootness doctrine. Section 2000cc-3(e) provides that a "[a] government may avoid the preemptive force" of RLUIPA by "changing the policy or practice that results in a substantial burden on religious exercise ... or by any other means that eliminates the substantial burden." 42 U.S.C. § 2000cc-3(e). The gravamen of Plaintiffs' Complaint is that, while they actively worship in the Village, Plaintiffs "have no location at which they can *legally* exercise their religion in the Village" because of financial and marketplace constraints that the formerly applicable 5-acre minimum lot size requirement imposed. (See Complaint at ¶¶ 19-22, 59, 68-69, 76-77, 83-84, 89-98) (emphasis added). The New Local Law expands the right of public assembly uses for worship and other

---

[1] A copy of the Local Law and enabling Resolution are publically available on the Village's website, at http://www.chestnutridgevillage.org/Village%20info/boardactions.htm, and are not produced herein due to the three (3) page limit of submission.

[2] http://www.chestnutridgevillage.org/pdf/Exhibit.A.pdf

[3] The Plaintiffs filed their Complaint challenging the old law on the same day the Village closed the public hearing on the New Local Law. They did not serve it until months later, after the New Local Law was enacted.

**FEERICK NUGENT MacCARTNEY, PLLC**

Honorable Kenneth M. Karas, U.S.D.J.
April 19, 2019
Page 3

purposes to single family detached homes, other buildings or structures up to 10,000 square feet, and allows community places of worship greater than 10,000 square feet in both residential and non-residential districts, among other changes. The property size threshold for public assembly worship has been reduced to "one-family, detached residence[s]", which Plaintiffs already use to meet and worship. (Id. at ¶¶ 68, 77). Any alleged burden Plaintiff attributes to the Challenged Obsolete Local Laws has dissolved. Thus, the New Local Law precludes liability under the safe harbor provision and otherwise moots Plaintiffs' claim that they cannot "legally" worship.

Third, Plaintiffs' Free Speech claim fails. Building a place of worship is not considered expressive conduct protected by the Free Speech Clause. Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona, 138 F. Supp. 3d 352, 428–29 (S.D.N.Y. 2015) (if "every religious group that wanted to challenge a zoning regulation preventing them from constructing a house of worship could" claim a violation of free speech, it would be "so astonishing that [the Third Circuit is] unaware of any court—or even law review article—that has suggested it").

Fourth, Plaintiffs lack standing on their claims for multiple reasons, including the absence of a causally traceable and redressable injury. See Love Church v. City of Evanston, 896 F.2d 1082, cert. denied, 489 U.S. 898 (1990) (finding church lacked standing to challenge the constitutionality of special permit ordinance); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1227, n 11 (11th Cir. 2004) ("[T]he congregations suggest that they will not be able to find land or a facility sizable enough to accommodate their congregations in the permitted RD-1 district. That the congregations may be unable to find suitable alternative space does not create a substantial burden within the meaning of RLUIPA."); Covenant Media Of SC, LLC v. City Of N. Charleston, 493 F.3d 421, 430 (4th Cir. 2007) ("a plaintiff must establish that he has standing to challenge each provision of an ordinance by showing that he was injured by application of those provisions."); Warth v. Seldin, 422 U.S. 490 (1975) (holding, among other relevant findings, no sufficient injury present where purported unconstitutional ordinance did not preclude specific project); Weissman v. Fruchtman, 700 F. Supp. 746, 753 (S.D.N.Y. 1988) (holding that plaintiffs lacked standing on facial challenge to old law, stating that the aim of facial challenges is not to award a plaintiff damages but rather is to serve "the broad societal purpose of striking an unconstitutional statute from the books.").

Finally, Plaintiffs' request for compensatory damages under RLUIPA must be dismissed. Sossamon v. Texas, 563 U.S. 277, 288 (2011); Fortress Bible Church v. Feiner, 734 F. Supp. 2d 409, 521 (S.D.N.Y. 2010), aff'd, 694 F.3d 208 (2d Cir. 2012). Accordingly, based on the foregoing, the Village seeks the Court's permission to make a motion to dismiss.

Respectfully submitted,

FEERICK NUGENT MacCARTNEY PLLC

By: _____
Donald J. Feerick, Jr.
Patrick A. Knowles

cc: All Counsel via ECF