# SAVAD CHURGIN, LLP
**ATTORNEYS AT LAW**

Paul Savad
Joseph A. Churgin

Susan Cooper
Donna Sobel

55 OLD TURNPIKE ROAD – SUITE 209
(Rt. 59 & THRUWAY EXIT 14)
NANUET, NEW YORK 10954

(845) 624-3820

April 24, 2019

Hon. Kenneth M. Karas, U.S.D.J.
U.S. District Court for the Southern District of New York
300 Quarropas Street
White Plains, N.Y. 10601

Re: *Orthodox Jewish Coalition of Chestnut Ridge et al. v. Village of Chestnut Ridge, New York*
   Case No. 7:19-cv-00443

Dear Judge Karas:

We represent the Plaintiffs in the above-referenced Action. In accordance with Your Honor's Individual Chambers Practices, please find the response of the Plaintiffs to the Defendant's letter of April 19, 2019.

**Background**. At the time of the filing of Plaintiffs' Complaint, the Village of Chestnut Ridge's (the "Village") land use regulations unconstitutionally discriminated against "Churches." By way of example, they required an onerous five-acre minimum lot size to house any place of worship regardless of size, where uses such as libraries, museums and art galleries can locate on a two-acre or 20,000-square feet lot, and health service complexes and commercial recreation facilities can be located on 60,000-square feet lots. Complaint (Dkt. #1) ¶¶ 106-114; *id.* ¶ 106 (describing the "Challenged Laws"). Significantly, Churches required a "special permit," which is subject only to "discretion reserved for legislative matters" by the Village's Board, which provides Defendant with unbridled discretion under the Village laws, while other nonreligious assembly and institutional uses are permitted either "by right" or as a "conditional use" by the Planning Board, which is subject to specific standards. *Id.* ¶¶ 106, 117-129. Churches were also subject to various dimensional requirements such as street frontage and development coverage requirements that are many times more restrictive than nonreligious assembly and institutional uses. *Id.* ¶¶ 106-114. When compared to every land use regulation Churches are subject to, various nonreligious assembly and institutional uses enjoy preferential treatment.

These land use regulations have prevented Plaintiffs and their members from using real property within the Village as places of worship. *Id.* ¶¶ 19-99. OJCCR is an unincorporated association of seven Orthodox Jewish congregations, all which have attempted to locate a place of worship in the Village. *Id.* ¶¶ 7, 22. Various burdens on the other Plaintiffs' religious exercise have been imposed by the Challenged Laws, as detailed in the Complaint. Such burdens include prohibiting communal worship, preventing Plaintiffs from attending synagogues within walking distance during the Sabbath and other Holy Days, preventing the celebration of Bar Mitzvahs, weddings, funerals, and religious instruction for children and adults. They also burdened the religious exercise of the elderly and handicapped members of Plaintiff Congregations, and members with small children. *Id.* ¶¶ 44-51. Furthermore, there is a great need for such religious facilities for the burgeoning Jewish community in the Village. *Id.* ¶¶ 23-30. The individual Plaintiffs have been harmed by the Challenged Laws, as detailed in the Complaint. *Id.* ¶¶ 57-87.

More recently, the Village has amended its land use regulations to alleviate certain restrictions, as described in the Village's April 19, 2019 Letter at 1-2. (Dkt. #11.) However, this amendment has been challenged both in this Court and in New York Supreme Court, Rockland County, against a backdrop of virulent hostility toward the Orthodox Hasidic Jewish community. *Citizens United to Protect Our Neighborhoods v. Village of Chestnut Ridge*, Civ. No. 7:19-03461 (S.D.N.Y. filed April 18, 2019); *Kogut v. Village of Chestnut Ridge*, Index No. 031506/2019 (filed Mar. 21, 2019). These actions are aimed directly at the Orthodox Hasidic Jews. *See* Complaint ¶¶ 72, 104-108, 112, 114-120 Civ. No. 7:19-03461 (available at https://www.courtlistener.com/recap/gov.uscourts.nysd.514009/gov.uscourts.nysd.514009.1.0.pdf). A plaintiff in that action, Carole Goodman, is listed in the Village's Resolution adopting the new law as stating: "We'll have Kiryas Joel (crowd applause) There will be no staying in our homes, but a society of people dictated to by an overseer. I advise you to read the Handmaid's Tale. We must be rigid about having laws that benefit the people of Chestnut Ridge, not a group that is set up to be secretious (sic). Lest we forget, these institutions do not pay taxes (crowd applause) So there will be no revenue for Chestnut Ridge. These institutions do not contribute to the community. They only take and destroy (crowd applause) .... Now they are trying to destroy the Village of Chestnut Ridge. We can not let them. A voice: Who is them? A voice: You, You." Village of Chestnut Ridge Resolution to Adopt Local Law #1 of 2019 at 15 (available at http://www.chestnutridgevillage.org/pdf/HOW.Final.Resolution.pdf). *See also id.* at 16-22 (describing various other statements of discriminatory animus). For the reasons described below, dismissal of Plaintiffs' Complaint is not warranted.

**I.   Defendant Ignores Plaintiffs' Facial Challenges.** Plaintiffs' Complaint asserts facial challenges to various provisions of the Village's Laws that were in effect at the time of filing the complaint, which the Village does not address in its letter. Dkt. #1 ¶¶ 103-130, 140, 144, 148, 152, 154, 156, 158, 160. Each of RLUIPA's land use provisions provides for facial challenges to land use regulations. *See* 42 U.S.C. §§ 2000cc(a)(1) ("No government shall impose or implement . . . ."); 2000cc(b)(1) (same); 2000cc(b)(2) (same); 2000cc(b)(3) (same). *See generally Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona, NY*, 280 F. Supp. 3d 426 (S.D.N.Y. 2017); *Ecogen, LLC v. Town of Italy*, 438 F. Supp. 2d 149, 155 (W.D.N.Y. 2006) ("[F]acial challenges to legislative acts 'are ripe by their very nature.'").

**II.   Because the Village Has Subjected Places of Worship to Greater and More Onerous Land Use Regulations than Nonreligious Assembly and Institutional Uses, Plaintiffs' As-Applied Challenges Are Ripe.** The Village mistakes an "as-applied" challenge with making an "application." Dkt. #11 at 2. The Plaintiffs are subjected to discriminatory laws that require them to be subject to greater restrictions than nonreligious assembly uses. It is this differential treatment—and the attendant requirement to seek variances, etc. that nonreligious assembly and institutional uses are not required to seek—that is the injury here, not any "denial."

**III.   Defendant's Reliance on RLUIPA's "Safe Harbor" Provision Does Not Moot This Case.** The Village refers to the "safe harbor" provision of RLUIPA, 42 U.S.C. § 2000cc-3(e). Dkt. #11 at 2-3. The provision only discusses the "preemptive force" of any provision of this chapter. It does not address any past harm resulting from the Challenged Laws. *See infra. See Covenant Christian Ministries v. City of Marietta, Ga.*, 654 F.3d 1231, 1244 (11th Cir. 2011) (holding in RLUIPA case that "[a]lthough a case will normally become moot 'when a subsequent [ordinance] brings the existing controversy to an end,'" . . . when the plaintiff has requested damages, those claims are not moot, . . . ."). Further, the amendment or repeal of a challenged statute "'does not deprive a federal court of its power to determine the legality of the practice' unless it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 609 (2001) (quoting *Friends of Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). Here, it cannot be said that it is "absolutely clear" that the

legal challenges to the new law will not be successful. If either of them is, then the harm caused by the Challenged Laws will certainly recur. *See Innovation Law Lab v. Nielsen*, 310 F. Supp. 3d 1150, 1164 (D. Or. 2018) (claims not moot where there is "an 'ever-changing' and 'fluid' situation").

**IV.  The Village Miscomprehends Plaintiffs' Free Speech Claim.** Count II of the Complaint is a prior restraint claim. Under the Challenged Laws, no church was permitted anywhere in the Village unless the Village Board used its legislative discretion to permit such religious expressive activity. This is blatantly unconstitutional. *See Islamic Soc'y of Basking Ridge v. Twp. of Bernards*, Civ. No. 16-1369, 2016 WL 7496661, at *30 (D.N.J. Dec. 31, 2016); *Hollywood Cmty. Synagogue, Inc. v. City of Hollywood, Fla.*, 430 F. Supp. 2d 1296, 1327 (S.D. Fla. 2006); *Adhi Parasakthi Charitable, Med., Educ., & Cultural Soc'y of N. Am. v. Twp. of W. Pikeland*, 721 F. Supp. 2d 361, 376 (E.D. Pa. 2010). Such a claim was not raised in *Congregation Rabbinical College of Tartikov, Inc. v. Village of Pomona*, 138 F. Supp. 3d 352 (S.D.N.Y. 2015).

**V.  Plaintiffs Have Standing.** The Village's makes no specific "standing" argument, but merely says in conclusory fashion that "Plaintiffs lack standing on their claims for multiple reasons," claiming that there is no "causally traceable and redressable injury." Dkt. #11 at 3. However, the Complaint clearly alleges the injury to Plaintiffs and their members caused by the Challenged Laws. Dkt. #1 ¶ 2 ("the Village's land use regulations applicable to places of worship effectively prevent the members of the Orthodox Jewish community living in the Village of Chestnut Ridge, including the Plaintiffs, from operating and attending synagogues . . . in order to engage in religious exercise within the Village."); *id.* at 22, 57-99, 133-138, 142, 146, 150, 152, 154, 156, 158, 162 (describing injury to Plaintiffs caused by the Challenged Laws).

**VI.  Defendant's Claim that Compensatory Damages Are Unavailable Under RLUIPA Is Mistaken.** Defendant claims that compensatory damages are not available under RLUIPA. First, this argument ignores the constitutional claims in Plaintiffs' Complaint. *See Fortress Bible Church v. Feiner*, 734 F. Supp. 2d 409, 521 (S.D.N.Y. 2010), *aff'd*, 694 F.3d 208 (2d Cir. 2012) (plaintiffs are "entitled to compensatory damages under 42 U.S.C. § 1983."). Second, it is incorrect. *Sossamon v. Texas*, 563 U.S. 277, 288 (2011), dealt with a challenge brought under the "institutionalized persons" provision of RLUIPA, 42 U.S.C. § 2000cc-1, where the Supreme Court held that the state had sovereign immunity from suit for damages. The Village does not enjoy sovereign immunity. *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 290 (5th Cir. 2012) ("[M]oney damages are available under RLUIPA against political subdivisions of states, such as municipalities and counties. . . . [S]ee also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280-81, 97 S. Ct. 568, 50 L.Ed.2d 471 (1977) (recognizing that political subdivisions of states do not enjoy Eleventh Amendment immunity").

We feel a pre-motion conference is appropriate at this time.

Respectfully submitted,

SAVAD CHURGIN, LLP

By: *[signature]*

Joseph A. Churgin, Esq.

cc: All Counsel via ECF

*[Handwritten note:]* The Court will hold a pre-motion conference on 6/18/19, at 2:00

*[Handwritten:]* So ordered — *[signature]* KMK 5/1/19