# FEERICK NUGENT MacCARTNEY PLLC
## ATTORNEYS AT LAW

ROCKLAND COUNTY OFFICE
96 SOUTH BROADWAY
SOUTH NYACK, NEW YORK 10960
TEL. 845-353-2000   FAX. 845-353-2789

ORANGE COUNTY OFFICE
6 DEPOT STREET, SUITE 202
WASHINGTONVILLE, NEW YORK 10992
*(Not for service of papers)*

www.fnmlawfirm.com

*All correspondence must be sent to Rockland County Office*

DONALD J. FEERICK, JR.
BRIAN D. NUGENT*
J. DAVID MacCARTNEY, JR.
MARY E. MARZOLLA*

OF COUNSEL
DONALD J. ROSS
DAVID J. RESNICK
KEVIN F. HOBBS
MICHAEL K. STANTON, JR.

JENNIFER M. FEERICK
STEPHEN M. HONAN*+
ALAK SHAH*
PATRICK A. KNOWLES*
JOHN J. KOLESAR III
PATRICK J. McGORMAN

*LICENSED ALSO IN NEW JERSEY
+LICENSED ALSO IN CONNECTICUT

May 21, 2019

*Via ECF*
Honorable Kenneth M. Karas, U.S.D.J.
U.S District Court for the S.D.N.Y.
300 Quarropas Street
White Plains, NY 10601

Re: <u>Citizens United To Protect Our Neighborhoods, Hilda Kogut, Robert Asselbergs, and Carole Goodman v. Village of Chestnut Ridge</u>, Case 7:19-cv-03461

Dear Judge Karas:

We represent the Village of Chestnut Ridge, New York (the "Village"), the Defendant in the above-referenced action. The Village respectfully submits this application pursuant to Local Rule 13 for Division of Business in support of the Village's contention that the instant case is related to <u>Orthodox Jewish Coalition of Chestnut Ridge, et al. v. Village of Chestnut Ridge</u>, 7:19-cv-00443-KMK (S.D.N.Y.) ("Related Action"), requesting reassignment to Your Honor, as you are the Judge who has the related case with the lowest docket number. A previous request was submitted to Judge Nelson S. Roman, U.S.D.J. and denied without prejudice to renewal before you. The Village also respectfully requests a fourteen (14) day extension of time to answer and/or otherwise file a pre-motion letter after such time as this application is decided by Your Honor pursuant to Rule 13(b)(3).

Both the instant Complaint and the Related Action Complaint challenge the Village's zoning laws as it relates to houses of worship, involve the same or substantially similar events, and could subject the parties to conflicting orders. The instant Complaint also refers to and makes allegations regarding the Related Action, but nevertheless did not identify the Related Action on Civil Action Cover Sheet. See, Docket No. 1 – Complaint at ¶98-102; Docket No. 2 – Civil Action Cover Sheet.

**FEERICK NUGENT MacCARTNEY, PLLC**

Honorable Kenneth M. Karas, U.S.D.J.
May 21, 2019
Page 2

## INSTANT COMPLAINT

Plaintiffs' Complaint alleges one cause of action seeking a declaration that the Village's newly adopted Local Law #1 of 2019 (the "New Local Law")[1] violates the Establishment Clause, and further seeks, upon such declaration, to enjoin enforcement of the New Local Law.

By way of background, the New Local Law resulted from a two year process conducted pursuant to Article 7 of the N.Y. Village Law and Article XVII of the Village's Zoning Law. The New Local Law sets forth a three-tiered system that allows religious gatherings of various sizes in residential neighborhoods, inclusive of existing single family homes, under certain conditions. It permits religious gatherings of various sizes into non-residential districts also under certain conditions. It is facially neutral, does not favor or endorse any religion over another, and applies to all religions equally.

## RELATED ACTION

The Related Action against the Village also involves the New Local Law, where the Local Law is relied upon to support the Village's defenses, including, but not limited to, a safe harbor defense to certain constitutional and RLUIPA claims therein. See, Related Action at Docket No. 1 – Complaint; Docket No. 11 - Village's pre-motion letter. The Related Action is currently scheduled for a pre-motion conference before Your Honor on June 18, 2019. See, Related Action at Docket No. 13.

The Related Action Plaintiffs seek compensatory, declaratory and injunctive relief arising from allegations that the pre-2019 Amendment Village's Zoning Laws and Bulk Requirements (the "Challenged Obsolete Local Laws") violate the First and Fourteenth Amendments of the U.S. Constitution, multiple provisions of RLUIPA, and Article I, Section 3 of the N.Y. State Constitution. Plaintiffs bring as applied and facial challenges. Plaintiffs complain that, under the Challenged Obsolete Local Laws, "they have no location at which they can *legally* exercise their religion in the Village" because financial and marketplace constraints prevent them from complying with the Bulk Requirements' 5-acre minimum lot size. (Complaint at ¶¶ 19-22, 59, 68-69, 76-77, 83-84, 89-98) (emphasis added). They seek a declaratory judgment that the Challenged Obsolete Local Laws are unconstitutional and illegal, and request compensatory damages, costs, disbursements, and an award of attorneys' fees.

---

[1] A copy of the Local Law and enabling Resolution are publically available on the Village's website, at http://www.chestnutridgevillage.org/Village%20info/boardactions.htm.

FEERICK NUGENT MacCARTNEY, PLLC

Honorable Kenneth M. Karas, U.S.D.J.
May 21, 2019
Page 3

## CONCLUSION

Absent a determination of relatedness and reassignment to a common Judge, the parties could be subjected to conflicting orders. Both the instant Complaint and the Related Action Complaint involve allegations regarding the New Local Law and the Challenged Obsolete Local Laws. The instant Complaint challenges the New Local Law, effectively reinstating the Challenged Obsolete Law, while the Related Action attacks the Challenged Obsolete Law. In all instances in this complex, ever evolving area of law, the Village acted in good faith to fulfill its statutory obligations and comply with Federal and State legal requirements.

Thank you for Your Honor's consideration of this application.

Respectfully submitted,

FEERICK NUGENT MacCARTNEY PLLC

By: _____
Donald J. Feerick, Jr.
Patrick A. Knowles

cc: All Counsel via ECF