

May 21, 2019

**VIA ECF**

**Michael B. de Leeuw**
Direct Phone 212-908-1331
Direct Fax 646-461-2090
mdeleeuw@cozen.com

Honorable Kenneth Karas, U.S.D.J
U.S. District Court for the S.D.N.Y.
300 Quarropas Street
White Plains, NY 10601

Re: <u>Citizens United To Protect Our Neighborhoods, Hilda Kogut, Robert Asselbergs, and Carole Goodman v. Village of Chestnut Ridge</u>, Case 7:19-cv-03461

Dear Judge Karas:

We represent Citizens United to Protect Our Neighborhoods ("CUPON"), Hilda Kogut, Robert Asselbergs, and Carole Goodman, the Plaintiffs in the above-referenced action, which is pending before Judge Román (the "**Establishment Clause Litigation**"). Plaintiffs respectfully submit this letter in response to the letter of the Village of Chestnut Ridge (the "Village"), which seeks to reassign the Establishment Clause Litigation to Your Honor pursuant to Local Rule 13(b)(3) for Division of Business. As set forth below, Defendant's request should be denied.

## The Actions Are Not Related Under Rule 13

Defendant asserts that the Establishment Clause Litigation is related to Orthodox Jewish Coalition of Chestnut Ridge, et al. v. Village of Chestnut Ridge, 7:19-cv-00443-KMK, which is pending before Your Honor (the "OJC Action"). The OJC Action against Defendant relates to Defendant's original zoning laws and raises claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") as well as the Freedom of Religion Clause of the First Amendment and the Freedom of Religious Clause of the New York State Constitution. Again, the OJC Action relates solely to the Village's original zoning laws, not the radically different zoning laws that the Village officially adopted on February 21, 2019.

The Establishment Clause Litigation, by contrast, challenges the Village's new zoning laws. Plaintiffs allege that the Village unlawfully adopted its new zoning laws to favor a single religious organization in violation of the Establishment Clause of the First Amendment. *See* Compl., ¶¶42-66, 98-99, 103-05, 111-20.

Rule 13(a)(2) provides that "civil cases shall not be deemed related merely because they involve common legal issues or the same parties." *See* Local Rule 13(a)(2). The Establishment Clause Litigation addresses substantially different factual circumstances, since the OJC Action does not contain any allegations with respect to the enactment of the new zoning law, and involves different parties and legal issues. *See Nnebe v. Daus*, No. 06 Civ. 4991 (RJS), 2008 U.S. Dist. LEXIS 129881, at *3-5 (S.D.N.Y. Mar. 5, 2008) (denying request to consolidate case with another action pending before a different district judge, because, "[w]hile both actions implicate some broadly similar questions of law and fact relating to the [defendant]'s

administrative procedures, plaintiffs in the respective actions assert claims…relating to distinct [procedures] and arising from distinct sets of facts.").

### The OJC Action is Moot

The Establishment Clause Litigation should not be reassigned or consolidated with the OJC Action because there is no benefit to doing so.  Indeed, the OJC Action appears to be a collusive lawsuit.  In any event, it appears that the OJC case is now moot, which makes the reassignment of the Establishment Clause Litigation nonsensical.  Defendant—*the same party that seeks relief now*—submitted a letter dated April 19, 2019, to Your Honor in which Defendant claimed that the OJC Action *should be dismissed as moot*.  See Doc. 11, at 2.  Defendant pointed out that the crux of the OJC Complaint is that the Village's original zoning laws imposed a substantial burden on plaintiffs' ability to exercise their religion, but, since the Village enacted the new zoning law, the alleged burden attributed to the original zoning laws no longer exists, precluding liability and mooting the claims brought in the OJC Action.  *Id.* at 2-3.

In the Establishment Clause Litigation, Plaintiffs' allege that the OJC Action is merely a collusive lawsuit between the Orthodox Jewish Coalition and Defendant.  *See* Compl. ¶¶98-102.  The OJC Action was filed January 15, 2019, the same day Defendant issued its Full Environmental Assessment Form that the new zoning law complied with SEQRA.  *Id.* at ¶99.  And, although Defendant claimed it was required to pass the new zoning law or risk a lawsuit under RLUIPA, the plaintiffs in the OJC Action have not dismissed that action now that the Defendant complied with plaintiffs' wishes in enacting the new zoning law.  *Id.* at ¶¶3, 63.

In addition, Defendant did not contact Plaintiffs' counsel to discuss making this motion and, instead, waited until the very last minute (the deadline for filing an answer) before seeking relief from Judge Román and now Your Honor.

### Conclusion

Defendant's eleventh hour effort to switch judges should not be allowed and its motion should not be allowed.


Respectfully submitted,

COZEN O'CONNOR


By:   s/ Michael B. de Leeuw

MBD