# SAVAD CHURGIN, LLP
## ATTORNEYS AT LAW

Paul Savad
Joseph A. Churgin

Susan Cooper
Donna Sobel

55 OLD TURNPIKE ROAD – SUITE 209
(Rt. 59 & THRUWAY EXIT 14)
NANUET, NEW YORK 10954

(845) 624-3820

May 23, 2019

Hon. Kenneth M. Karas, U.S.D.J.
U.S. District Court for the Southern District of New York
300 Quarropas Street
White Plains, N.Y. 10601

Re: *Orthodox Jewish Coalition of Chestnut Ridge et al. v. Village of Chestnut Ridge, New York*
    Case No. 7:19-cv-00443

Dear Judge Karas:

We represent the Plaintiffs in the above-referenced Action. We write in response to the letter from counsel for the Village of Chestnut Ridge ("Chestnut Ridge"), the defendant in this action and in *Citizens United to Protect our Neighborhoods et. al. v. Chestnut Ridge*, Case No. 7:19-cv-03461 (the "CUPON Action") and in response to the letter from counsel to the plaintiff Citizens United to Protect our Neighborhoods et. al. ("CUPON") in the CUPON Action.

We believe that these cases are related and should both be before Your Honor. Any decision to the contrary risks inconsistent results. Achieving consistent results is in all party's interests, and is in the interest of judicial economy. Most tellingly, CUPON's letter in opposition to a determination that these cases are related does not claim that CUPON would be harmed by a determination that the cases are related. Rather, its opposition seems to be an act of forum shopping.

This Lawsuit

This lawsuit challenges Chestnut Ridge's land use regulations applicable to places of worship, which, at the time of the commencement of this litigation, effectively prevented the members of the Orthodox Jewish community living in the Village of Chestnut Ridge, including the Plaintiffs, from operating and attending synagogues ("shuls") in order to engage in religious exercise within Chestnut Ridge. These land use regulations have prevented Plaintiffs and their members from using real property within the Village as places of worship.

The CUPON Action

Subsequent to filing this lawsuit, the Village has amended its land use regulations to alleviate certain restrictions (the "Amended Law"). The Amended Law is the subject of the CUPON Lawsuit, as well as in an Article 78 filed in State Court (*Kogut v. Village of Chestnut Ridge*, Index No. 031506/2019).

<u>This Case and the CUPON Case Should be Determined to be Related Actions to be Assigned to the Same Judge</u>

There is no question that these cases are related.

"In determining relatedness, a judge will consider whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses." SDNY Local Rule 13(a)(1).

The actions concern the same parties. Chestnut Ridge is a defendant in both actions. Plaintiffs have been reviewing the CUPON Action and have determined that they will be intervening in the CUPON Action because they have a substantial interest in the outcome.

There is a substantial factual overlap between the two actions. Both actions relate to Chestnut Ridge's land use regulations applicable to places of worship. Chestnut Ridge has stated that it is citing its passage of the Amended Law (that is challenged in the CUPON Action) in support of its defenses in <u>this</u> action. Docket No. 14, page 2.

The parties could be subject to conflicting orders if this case is not before the same judge. The adoption of the Amended Law is the subject of claims and/or defenses in both actions. If the Amended Law was held to be invalid or was partially changed as a remedy in one action, but not the other, a decision could be made in one case which would conflict with a decision in the other case. Similarly, if the law as it existed at the time this Action was filed was held to be invalid or was partially changed as a remedy in one action, but not the other, a decision could be made in one case which would conflict with a decision in the other case. Avoiding such as result is the most compelling reason that these cases should be determined to be related.

If the actions are not determined to be related, there will be a substantial duplication of effort and expense, delay and undue burden, based on, among other things, adhering to differing scheduling orders and litigating discrepancies between decisions in the different cases.

Plaintiffs respectfully request that this case and the CUPON Action be determined to be related and that the CUPON action be transferred to Your Honor.

Respectfully submitted,

SAVAD CHURGIN, LLP

By: _____
Joseph A. Churgin, Esq.

cc: All Counsel via ECF