# FEERICK NUGENT MacCARTNEY PLLC
## ATTORNEYS AT LAW

**MEMO ENDORSED**

ROCKLAND COUNTY OFFICE
96 SOUTH BROADWAY
SOUTH NYACK, NEW YORK 10960
TEL. 845-353-2000   FAX. 845-353-2789

DONALD J. FEERICK, JR.
BRIAN D. NUGENT*
J. DAVID MacCARTNEY, JR.
MARY E. MARZOLLA*

ORANGE COUNTY OFFICE
6 DEPOT STREET, SUITE 202
WASHINGTONVILLE, NEW YORK 10992
(Not for service of papers)

JENNIFER M. FEERICK
STEPHEN M. HONAN*+
ALAK SHAH*
PATRICK A. KNOWLES*
JOHN J. KOLESAR III
PATRICK J. McGORMAN

OF COUNSEL
DAVID J. RESNICK
KEVIN F. HOBBS
MICHAEL K. STANTON, JR.

www.fnmlawfirm.com

*LICENSED ALSO IN NEW JERSEY
+LICENSED ALSO IN CONNECTICUT

*All correspondence must be sent to Rockland County Office*

July 30, 2019

*Via ECF*
Honorable Kenneth M. Karas, U.S.D.J.
U.S District Court for the S.D.N.Y.
300 Quarropas Street
White Plains, NY 10601

Re: <u>Orthodox Jewish Coalition of Chestnut Ridge, et al. v. Village of Chestnut Ridge,</u>
7:19-cv-00443-KMK (S.D.N.Y.)

Dear Judge Karas:



We represent the Village of Chestnut Ridge in the above-referenced matter, and write to respectfully request a two-week extension of time, until August 14, 2019, for the Village to file an answer or otherwise move in response to the Plaintiffs' First Amended Complaint ("FAC"), filed on July 17, 2019 (ECF No. 29). This is Defendant's first request for such relief. We reached out to Plaintiff's Attorney, Donna Sobel, Esq., who indicated that Plaintiffs consent to the extension of time but do not waive their position that this Court has ordered that the Village's previously filed motion to dismiss is limited to the prospective claims in the First Amended Complaint.

Your Honor may recall that when the Court set the schedule for the submission of the Village's motion to dismiss Plaintiff's claim to prospective relief, neither the Village nor the Court had the benefit of seeing Plaintiffs' FAC or Plaintiffs' claims for prior compensatory damages set forth therein. The schedule directed the Village to file its motion by July 16th, Plaintiffs' to oppose by August 16th, and the Village to reply by August 30th. The schedule also directed Plaintiffs to file a letter by August 16th as to amending their complaint on prior compensatory damages and discovery. (ECF No. 23; June 18, 2019 Minute Entry).

On July 16th, the Village filed its motion to dismiss. The same day, Plaintiffs filed their letter requesting to file an amended pleading to set forth prior compensatory damages, which request was granted. Plaintiffs filed the FAC the next day. Upon review of the FAC, we

**FEERICK NUGENT MACCARTNEY, PLLC**

Honorable Kenneth M. Karas, U.S.D.J.
July 30, 2019
Page Two

observed that it added paragraphs alleging prior compensatory damages sustained by certain Plaintiffs prior to the new local law's adoption. And while the FAC removed and/or altered nearly all allegations concerning prospective relief relative to the old law, Plaintiffs still seek prospective relief in their Wherefore Clause with respect to the old local law. (See ¶¶ A and B of FAC's Wherefore Clause).

The above motion to dismiss schedule was put in place with the assumption that damages would be sustainable, at a pleading stage, without much controversy. However, Plaintiffs amended in a fashion that reveals an absence of causation for its damages attributable to the old law, which was not necessarily contemplated at the time we appeared and the schedule was set. Accordingly, the Village requests a brief extension of time to investigate the FAC's new allegations, which are quite bare with respect to particularity.

As one limited example, the Individual Plaintiffs allege no compensatory damages. In addition, the claim that Plaintiff Abraham Willner is unable to communally worship appears tied to his desire to worship at Congregation Birchas Yitzchok ("CBY") at 5 Ann Boulevard, which property is located next to his own residence. As we understand, CBY purchased 5 Ann Boulevard in 2017. Before purchasing 5 Ann Boulevard, CBY occupied property at 8 Ann Boulevard, while also renting out the upstairs to others. CBY had intended to demolish the building at 8 Ann Boulevard and construct a new one. However, CBY never followed-through with that because 5 Ann Boulevard became available. CBY continued to occupy at 8 Ann Boulevard until its new property was developed. There was no interruption in worship, and no new plans were submitted to secure land use approvals to operate a shul. No causation exists. There is no allegation in the FAC that any Plaintiff ever submitted a land use application to the Village's land use boards to operate a shul or other gathering place.

Without the benefit of particularized allegations in the FAC, the Village must investigate the conclusory claims as to each Plaintiff. Accordingly, the Village respectfully requests additional time to file an answer or otherwise move with respect to Plaintiffs' FAC.

Very truly yours,

Donald J. Feerick, Jr.

DJF/mw

cc: All Counsel via ECF

*Granted.*
*So Ordered.*
*KMK*
*7/31/19*