# FEERICK NUGENT MacCARTNEY PLLC
ATTORNEYS AT LAW

ROCKLAND COUNTY OFFICE
96 SOUTH BROADWAY
SOUTH NYACK, NEW YORK 10960
TEL. 845-353-2000   FAX. 845-353-2789

ORANGE COUNTY OFFICE
6 DEPOT STREET, SUITE 202
WASHINGTONVILLE, NEW YORK 10992
*(Not for service of papers)*

www.fnmlawfirm.com

*All correspondence must be sent to Rockland County Office*

DONALD J. FEERICK, JR.
BRIAN D. NUGENT*
J. DAVID MacCARTNEY, JR.
MARY E. MARZOLLA*

OF COUNSEL
DAVID J. RESNICK
KEVIN F. HOBBS
MICHAEL K. STANTON, JR.

JENNIFER M. FEERICK
STEPHEN M. HONAN*+
ALAK SHAH*
PATRICK A. KNOWLES*
JOHN J. KOLESAR III
PATRICK J. McGORMAN

*LICENSED ALSO IN NEW JERSEY
+LICENSED ALSO IN CONNECTICUT

August 13, 2019

*Via ECF*
Honorable Kenneth M. Karas, U.S.D.J.
U.S District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

      **Re:**   Orthodox Jewish Coalition of Chestnut Ridge, et al. v. Village of Chestnut Ridge, 7:19-cv-00443-KMK (S.D.N.Y.)

Your Honor:

      We represent the Village of Chestnut Ridge in the above-referenced action, and write to request a pre-motion conference before moving to dismiss the Plaintiffs' First Amended Complaint ("FAC"), filed on July 17, 2019 (ECF No. 29). The Village's anticipated motion concerns the dismissal of (1) Plaintiffs' demand for prospective relief set forth in the FAC; and (2) Plaintiffs' claims for retrospective relief in the FAC.

      When the Court set the submission schedule on the Village's motion to dismiss Plaintiffs' prospective relief claims in their original Complaint (ECF No. 23; June 18, 2019 Minute Entry), neither the Village nor the Court had seen the FAC's claims for prior compensatory damages. Pursuant to the schedule, the Village filed its motion to dismiss on July 16, 2019. The next day, Plaintiffs filed their FAC. The FAC clarified the alleged prior compensatory damages while continuing to request prospective relief. It also rendered the Village's pending motion moot. Metito (Overseas) Ltd. v. G.E. Co., 2006 WL 3230301, at *2 (S.D.N.Y. Nov. 7, 2006).

      Accordingly, the Village seeks to move to dismiss the FAC's demand for prospective relief, which is not supported by its revised allegations, and, as detailed below, Plaintiffs' claims for retrospective relief that are also deficient, in the interests of justice, sake of judicial economy, and to reduce the roster of Plaintiffs and narrow the issues for purposes of any discovery.

**1. The Individual Plaintiffs do not allege compensatory damages.**

      The Individual Plaintiffs, Abraham Willner and Tzvi Miller, do not allege prior compensatory harm. There is no redressability with respect to those Plaintiffs' claims. Since this is

not the situation where, by its very nature, certain damages are virtually assured to occur, federal law does not permit recovery of presumed damages for alleged constitutional violations. Conboy v. A.T.&T. Corp., 241 F.3d 242, 251 n 8 (2d Cir. 2001) (citing Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 307 (1986) (holding no recovery of damages is available based upon the "abstract value" or "importance" of a constitutional right)).

## 2. The Unincorporated Association Plaintiff, Orthodox Jewish Coalition of Chestnut Ridge ("OJC"), lacks standing.

The FAC alleges that "OJC[] asserts those constitutional and statutory rights on behalf of its members." (FAC ¶ 18). In the Second Circuit, an organization lacks standing to bring claims under 42 U.S.C. § 1983, and its jurisdictional implementation, 28 U.S.C. § 1343(3), on behalf of its members, except for freedom of association violations, which is not alleged in the FAC. League of Women Voters of Nassau Cty. v. Nassau Cty. Bd. of Sup'rs, 737 F.2d 155, 160-61 (2d Cir. 1984). Plus, RLUIPA, like § 1983, only secures rights that are personal to those purportedly injured. See 42 U.S.C. § 2000cc-2(a) ("[a] person may assert a violation . . . and obtain appropriate relief against a government."); § 2000cc–5(5) (a person must have "an ownership, leasehold, easement, servitude, or other property interest in the regulated land or a contract or option to acquire such an interest."). OJC's claims should be dismissed.

## 3. Plaintiffs' "as-applied" claims are unripe.

To the extent the three Corporate Plaintiffs, Congregation Birchas Yitzchok ("CBY"), Congregation Dexter Park ("CDP"), and Congregation Torah U'Tfilla ("CTU"), make conclusory claims of prior compensatory damages, none allege having made or been denied a land use application. By failing to obtain a "final decision," dismissal of the "as-applied" claims under the First Amendment and RLUIPA is required. Murphy v. New Milford Zoning Comm'n, 402 F.3d 342 (2d Cir. 2005).

## 4. Plaintiffs do not sufficiently allege any actual retrospective chilling/prior restraint, but admit the opposite.

As the challenged zoning law no longer exists, usual pre-enforcement considerations under the First Amendment should not apply. Plaintiffs claim a past chill of First Amendment rights and/or prior restraint solely due to the *text* of the old law. But the FAC, at ¶¶ 59, 74, 86, 97, 98, confirms that Plaintiffs can show no change in behavior as they exercised their First Amendment rights under the old local law. Laird v. Tatum, 408 U.S. 1 (1972) (allegations of subjective chill are inadequate). As such, Plaintiffs fail to state a claim for retrospective relief on this basis. Curley v. Village of Suffern, 268 F.3d 65 (2d Cir. 2001); Rosendal v. Brusie, 2009 WL 778418, at *11 (S.D.N.Y. 2009) ("Because the Complaint shows that Plaintiff continued to exercise his First Amendment rights despite Defendants' alleged retaliatory conduct, Plaintiff fails to allege actual chilling of his speech."), aff'd, 374 F. App'x 195 (2d Cir. 2010).

Moreover, Plaintiff CBY's allegations of an inability to worship at its property or operate a house of worship are irreconcilable with their representations in New York State Court and administrative applications. Matter of Cong. Birchas Yitzchock, Index No. 032603/2018 (Sup Ct, Rockland County 2018). Indeed, seven months before filing this Federal action, and while the

Village publicly vetted the new local law, CBY affirmed to the State Court that (a) it had ownership interests in two adjacent properties, located at 8 Ann Blvd. and 5 Ann Blvd. in the Village; (b) it intended to "get approvals to demolish the current building [8 Ann Blvd.] and construct a new one" when "a larger property at [5 Ann Blvd.] became available across the street . . . and for less money"; (c) it wished to sell 8 Ann Blvd. and use the $360,000 profit from the sale to improve 5 Ann Blvd.; and (d) it had occupied 8 Ann Blvd. "as a synagogue" through the date of the application, and would continue to worship there until construction of the new premises at 5 Ann Blvd. was complete. Id. There, CBY omitted mentioning any restriction on its past, present, or future ability to use or improve either property, a factor which, if disclosed, would have weighed against a finding that the relief sought promoted the interests of CBY and its members.

Likewise, CBY's 2018 and 2019 applications for, receipt of, and acceptance of wholly exempt tax status for 5 Ann Blvd., based on the exclusive religious use of the premises pursuant to New York State Real Property Tax Law § 420, are also subject to judicial notice and directly conflict with the FAC's allegations. Armstrong v. Collins, 2010 WL 1141158, at *31 (S.D.N.Y. 2010) ("The doctrine of quasi-estoppel 'forbids a party from accepting the benefit of a transaction or statute and then subsequently taking an inconsistent position to avoid the corresponding obligations or effects.'").

5. **The FAC's retrospective hybrid facial/as-applied claims fail to sufficiently allege non-conclusory causation between the existence of text and any compensatory damages.**

Absent sufficient non-conclusory allegations of causation between the mere existence of the *text* of the old law and compensatory damages, Plaintiffs' claims for retrospective damages based on facial violations must be dismissed. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

6. **RLUIPA's "Safe Harbor" provision bars all hybrid facial/as-applied retrospective RLUIPA claims.**

RLUIPA's safe harbor provision allows a municipality to avoid liability by amending its land use regulations to remove the allegedly burdensome or discriminatory provisions, both prospectively and even *after* such provisions have allegedly caused harm. See, e.g., Civil Liberties for Urban Believers v. City of Chicago, 342 F.3d 752, 762 (7th Cir. 2003); Church v. City of St. Michael, 2016 WL 4545310 (D. Minn. Aug. 31, 2016) (granting summary judgment dismissing church's RLUIPA claims under safe harbor provision because the city amended the challenged zoning ordinance to include churches as conditional uses under district).

## CONCLUSION

Based upon the foregoing, the Village respectfully requests a pre-motion conference and permission to file a motion to dismiss the FAC's prospective and retrospective claims for relief.

Respectfully submitted,

Donald J. Feerick, Jr.

cc: All Counsel of Record via ECF