# FEERICK NUGENT MacCARTNEY PLLC
### ATTORNEYS AT LAW

**ROCKLAND COUNTY OFFICE**
96 SOUTH BROADWAY
SOUTH NYACK, NEW YORK 10960
TEL. 845-353-2000   FAX. 845-353-2789

**ORANGE COUNTY OFFICE**
6 DEPOT STREET, SUITE 202
WASHINGTONVILLE, NEW YORK 10992
*(Not for service of papers)*

www.fnmlawfirm.com

*All correspondence must be sent to Rockland County Office*

DONALD J. FEERICK, JR.
BRIAN D. NUGENT*
J. DAVID MacCARTNEY, JR.
MARY E. MARZOLLA*

OF COUNSEL
DAVID J. RESNICK
KEVIN F. HOBBS
MICHAEL K. STANTON, JR.

JENNIFER M. FEERICK
STEPHEN M. HONAN* +
ALAK SHAH*
PATRICK A. KNOWLES*
PATRICK J. McGORMAN

*LICENSED ALSO IN NEW JERSEY
+ LICENSED ALSO IN CONNECTICUT

January 7, 2021

By ECF

Honorable Kenneth M. Karas, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York  10601

     Re:  Orthodox Jewish Coalition of Chestnut Ridge, et al. v. Village of Chestnut Ridge, NY
           Case No. 7:19-cv-00443-KMK

Your Honor:

We represent the Village in the above-referenced action, and respectfully write in response to Plaintiffs' "Notice of Supplemental Authority" at ECF Doc. No. 78.

Simply stated, Tanzin v. Tanvir, 141 S. Ct. 486 (2020), has no bearing on the Village's pending motion to dismiss.  The issues presented here are not comparable, either factually or legally, to Tanzin.

In Tanzin, Muslim-practicing individuals alleged that FBI agents placed them on the "No Fly List" in retaliation for their refusal to act as informants against their religious communities.  The plaintiffs alleged that the FBI agents' retaliatory action of putting them on the "No Fly List" "cost them substantial sums of money: airline tickets wasted and income for job opportunities lost." Id. at 489.  The plaintiffs alleged they had suffered an injury-in-fact and a fit between the asserted injury and damages they sought.

The issue before the Supreme Court in Tanzin was whether the RFRA permitted "injured parties" to sue government officials in their personal capacities, and if so, what relief was recoverable under the RFRA.  Id. at 490 (emphasis added).  The government urged the Supreme Court to limit the RFRA to lawsuits against officials only in their official, not personal capacities.  Id.  The Supreme Court rejected the government's argument and held that "RFRA's express remedies provision permits litigants, when appropriate, to obtain money damages against federal officials in their individual capacities." Id. at 493 (emphasis added).

**FEERICK NUGENT MacCARTNEY PLLC**
Hon. Kenneth M. Karas, U.S.D.J.
January 7, 2021
P a g e | 2


These issues are not before this Court on the Village's motion to dismiss. Indeed, unlike here, the plaintiffs in Tanzin did not allege hypothetical harm. Nor did they seek compensatory damages based on the mere existence of a (now repealed) law. Rather, the Tanzin plaintiffs sought to recover those tangible costs they incurred as a direct result of the alleged illegal – and actual – action taken against them personally by the defendants. Here, however, the plaintiffs challenge no action.

In other words, the Tanzin plaintiffs did not seek compensatory damages for the mere prior existence of an unenforced and non-discriminatory law, which had been enacted decades before they even existed, and which was annulled after their request. But the Plaintiffs here do.[1] Nor did the Tanzin plaintiffs attempt to attribute unrelated compensatory damages to the action they challenged. But Plaintiffs here do. And the plaintiffs in Tanzin were not comprised of an association whose members were and remain unknown. Yet, that is what the Village faces here.

Nevertheless, Plaintiffs maintain that "[t]he analysis in *Tanzin* supports Plaintiff's contention that Plaintiff can recover monetary damages for its facial challenge under RLUIPA . . . ." But the analysis in Tanzin is not relevant to any argument presented here. Plaintiffs' "Notice of Supplemental Authority" supplies nothing meaningful for this Court's consideration. The Village's motion should be granted.

Respectfully submitted,

Patrick A. Knowles, Esq.
Mary E. Brady Marzolla, Esq.


cc: All Counsel of Record (By ECF)

---

[1] Under Plaintiffs' theory, any individual (or association) in New York could recover compensatory damages based on the mere existence of a law, even if never applied to them. Thus, for example, one (or, indeed, anyone) could bring a facial challenge to Penal Law § 240.35(4), which made it a crime to wear a mask in public with another individual, despite never being charged under it and despite that it was repealed on June 13, 2020. (See https://www.nysenate.gov/legislation/bills/2019/a10446/amendment/a). Nevertheless, Plaintiffs' theory here, if accepted, would permit not only an action against this repealed law, but also the recovery of damages based on its mere past existence. Another example is Penal Law § 255.17, which makes adultery a class B misdemeanor. Again, according to Plaintiffs, even if never charged under this law, one could assert a facial challenge and recover compensatory damages simply because it exists (or, if repealed, because it previously existed).