UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ORTHODOX JEWISH COALITION OF
CHESTNUT RIDGE, an unincorporated
association, CONGREGATION BIRCHAS
YITZCHOK, a New York religious
corporation, CONGREGATION DEXTER
PARK, CONGREGATION TORAH
U'TFILLA, a New York religious corporation,
ABRAHAM WILLNER, and TZVI MILLER,

        Plaintiffs,

v.

VILLAGE OF CHESTNUT RIDGE, NEW
YORK,

        Defendant.
------------------------------------------------------------X

CONSENT DECREE

7:19-cv-00443-KMK

WHEREAS, the Plaintiffs brought this action against the Defendant pursuant to 42 U.S.C. § 1983 for violation of the Free Speech, Free Exercise, and Establishment clauses of the First Amendment to the United States Constitution and the corresponding provisions of the New York State Constitution, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc, *et seq.* ("RLUIPA"); and

WHEREAS, on April 17, 2020, Defendant moved to dismiss this action and Plaintiffs opposed that motion; and

WHEREAS, this Court granted Defendant's motion to dismiss on March 31, 2021; and

WHEREAS, on April 14, 2021, Plaintiffs moved for reconsideration of the Court's Order of March 31, 2021 and Defendant opposed that motion; and

1

WHEREAS, the Court granted Plaintiff's motion for reconsideration on August 13, 2021 and ordered that the Plaintiff-Congregations' and Plaintiff-Individuals' Equal Protection and State Law claims may proceed; and

WHEREAS, Defendant moved for reconsideration of the August 13, 2021 Order and Plaintiffs opposed that motion; and

WHEREAS, on December 28, 2021, the Court denied Defendant's motion for reconsideration of the August 13, 2021 Order; and

WHEREAS, the Defendant denies any and all liability; and

WHEREAS, the parties, having the mutual desire to settle this action and to avoid protracted, expensive and unnecessary litigation in the future.

NOW, THEREFORE, on agreement and stipulation of all parties, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

I. DEFINITIONS

As used in this Consent Decree, the following terms shall have the following meanings:

1. "New Law" means the Local Law No. 1 of 2019 adopted by Resolution 2019-12 annexed hereto as Exhibit "A".

2. "Plaintiffs" means those individuals and entities so identified and set forth in this action's caption, including the members of the Orthodox Jewish Coalition of Chestnut Ridge,[1] and their successors and/or assigns.

3. "Defendant" means that municipal entity so identified and set forth in this action's caption.

4. "Parties" means Plaintiffs and Defendant.

---

[1] The members of the Orthodox Jewish Coalition of Chestnut Ridge are: Congregation Torah U'Tfilla, Congregation Birchas Yitzchok, Congregation Dexter Park, and Bais Medrash Ohel Moshe.

5. "Substantial investment" means substantial construction (as that term is used under New York State's "vested rights" law) pursuant to a validly issued building permit and substantial expenditures prior to the effective date of this Agreement or a subsequent Court ruling overturning, enjoining, or otherwise rendering inapplicable the New Law to Plaintiff's property, as the case may be .

6. "House of Worship" means the same as that set forth in Local Law No. 1 of 2019 annexed at Exhibit "A".

II. <u>PRIMARY TERMS</u>

7. Plaintiffs have the right to meaningfully apply under Local Law No. 1 of 2019 of the Village of Chestnut Ridge ("New Law") to obtain a building permit or other land use approval subject to the following:

   a. Any such application has no guarantees of approval; and,

   b. Plaintiffs' application must satisfy any and all referrals to other Village Boards, again, with no guarantee of approval before those Boards.

8. The Defendant and any of its subordinate boards, agencies or officials shall abide by any deadlines as may be applicable under the laws or regulations of the Village or State of New York, unless extended on consent of the Defendant and the Plaintiff applicant.

9. If, by June 30, 2023, a Plaintiff [i] has obtained a building permit and made a "substantial investment" under the New Law (see definitions) or [ii] has completed the construction of a structure on real property pursuant to such building permit under the New Law , such Plaintiff will be permitted to use such property as a House of Worship, subject to the terms of the New Law so long as there is no "Cessation in Use" as a House of Worship, as the term "Cessation in Use" is defined in the Village of Chestnut Ridge Zoning Code, Article XIII, 3, C.

10. If the New Law is overturned, a Plaintiff's project for which a Plaintiff has, by that time, acquired a vested right by [i] making a "substantial investment" in the construction of a structure on real property pursuant to a building permit or [2] completing the construction of a structure on real property pursuant to such a building permit, such Plaintiff will be grandfathered as a conforming use (and not a prior existing non-conforming use) so long as there has not been a "Cessation in Use" as a House of Worship, as the term "Cessation in Use" is defined in the Village of Chestnut Ridge Zoning Code, Article XIII, 3, C.

III. <u>MISCELLANEOUS TERMS AND PROVISIONS</u>

11. The acts done and evidenced by this Consent Decree, and the agreements made herein, are done and made solely to compromise disputed claims and to avoid future litigation costs, and each Party agrees that neither the execution and performance of this Consent Decree nor any of its terms or conditions shall be construed or considered, by either of the Parties or by any other person, as an admission by either Party of any liability or wrongdoing or as a concession that any allegation made by the other Party is true or has any merit whatsoever.

12. All parties shall bear their own attorneys' fees, costs and expenses. No damages for attorneys' fees, costs or expenses shall be sought by or awarded to any party from another.

13. Any Amendment or modification to this Consent Decree shall only be valid if in writing and signed by Plaintiffs and Defendant, or their respective counsel.

Dated: ~~April~~ May 24, 2022
White Plains, New York

SO ORDERED:

_____

STORZER & ASSOCIATES, P.C.

By: _____
Roman Storzer, Esq.
1025 Connecticut Ave., N.W.
Washington, D.C. 20036
Tel: (202) 857-9766
Fax: (202) 315-3996
*Attorneys for Plaintiffs*

SAVAD CHURGIN

By: _____
Joseph Churgin
55 Old Turnpike Road
Suite 209
Nanuet, New York 10954
Tel: (845) 624-3820
Fax: (845) 624-3821
*Attorneys for Plaintiffs*

FEERICK NUGENT MacCARTNEY PLLC

By: _____
Donald J. Feerick, Esq.
96 South Broadway
South Nyack, New York 10960
Tel: (845) 353-2000
Fax: (845) 353-2789
*Attorneys for Defendant*